UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH M. ANGELO, JR.,**

    **Plaintiff,**

    v.

**Case No. 2:20-cv-6421**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth P. Deavers**

**MUSKINGUM COUNTY CHILD**
**PROTECTIVE SERVICES,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Joseph M. Angelo, an Ohio resident proceeding without the assistance of counsel, brings this action against the Muskingum County Child Protective Services ("MCCPS") and the Zanesville Police Department ("ZPD"). This matter is before the undersigned for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, ECF No. 5, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). This matter also is before the Undersigned for consideration of Plaintiff's Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child, ECF No. 6.

Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action. Consistent with this recommendation, the Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Petition for Writ of Habeas Corpus and

Emergency Motion for Return of Child, ECF No. 6.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1]Formerly 28 U.S.C. § 1915(d).

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

Further, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts constitutional claims against MCCPS and ZPD. (*See generally* ECF No. 5.) Plaintiff's claims arise from the detention and removal of Plaintiff's minor child in January 2019. As Plaintiff affirmatively concedes, however, this is not the first lawsuit he has filed arising from the detention and removal of his minor child in January 2019. (*Id.* at PAGEID # 36.) At Plaintiff's direction, the Court takes judicial notice[1] of *Joseph Angelo Jr. v. Muskingum County Child Protective Services, et al.*, S.D. Ohio Case No. 2:20-cv-4745, which also named MCCPS and ZPD as Defendants and which was dismissed at the initial screening stage. (*Id.*)

The Court also takes judicial notice of a related state criminal proceeding which provides additional relevant context for Plaintiff's claims. On January 31, 2019, Defendant ZPD responded to a domestic disturbance at Plaintiff's residence. *Zanesville v. Angelo*, No. CT 2019-0057, 2020 WL 1624323, at *1 (Ohio Ct. App. Mar. 23, 2020). Based on his investigation at the scene, Patrolman Preston Curtis determined that Plaintiff and his wife got into a physical altercation when Plaintiff tried to leave their home with the couple's baby. *Id.* Witnesses informed Patrolman Curtis that "it looked like the baby was being treated like a wishbone, being

---

[1] **Error! Main Document Only.***See* Fed. R. Evid. 201(b) and (c) (a court "may take judicial notice on its own" of facts "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy can not reasonably be questioned").

pulled in different directions." *Id.* Plaintiff and his wife were both arrested and tested positive for methamphetamine. *Id.* at *2. As a result of their arrest, Defendant MCCPS removed the children from their home "pursuant to Juvenile Rule 6." *Id.* After a bench trial, Plaintiff was convicted of child endangerment, a first-degree misdemeanor. *Id.* at *1.

In the subject lawsuit, Plaintiff seeks custody of his minor child, alleging that he is the "legal custody holder and biological father," and that he "has been unlawfully arrested and detained . . . and physically imprisoned for an extended period of time." (ECF No. 5 at PAGEID # 29.) Specifically, Plaintiff seeks the following relief: (a) an order prohibiting MCCPS from sending Plaintiff's minor child out of state, and requiring the child to be present on February 10, 2021 at a certain address; (b) the immediate return of Plaintiff's minor child to his custody; (c) a preliminary injunction "ensuring there are no threats of imprisonment, detention, or arrest during any litigation involving the parties"; (d) $500,000, to be paid to Plaintiff's minor child upon the child's 25th birthday; and (e) $30,000, to be paid to Plaintiff for his time physically imprisoned. (*Id.* at PAGEID ## 34, 41, 48, 56.)

**III.**

The Undersigned concludes that Plaintiff has failed to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

5

A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Applying the foregoing, the Undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over this action. Although the Court is "doing a bit of guesswork," as the Court did with Plaintiff's previous lawsuit, it appears that Plaintiff again is attacking state-court judgments concerning the custody of his minor child. *See Angelo v. Muskingum Cty. Child Protective Servs.*, No. 2:20-CV-4745, 2020 WL 5656519, at *1 (S.D. Ohio Sept. 23, 2020) ("*Angelo I*"), *report and recommendation adopted*, No. 2:20-CV-4745, 2020 WL 5961011 (S.D. Ohio Oct. 8, 2020). This Court does not have jurisdiction to review state-court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gotfried v. Med. Planning Servs.*, 142 F.3d 326,

6

330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 416; *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Accordingly, to the extent Plaintiff seeks relief from state court judgments in this Court, those claims are barred under the *Rooker-Feldman* doctrine and must be dismissed as a result. *Angelo I*, 2020 WL 5656519, at *1 (citing *Carpenter Jenkins v. Scotta*, No. 17-11781, 2019 WL 5680344, at *5 (E.D. Mich. Aug. 20, 2019), *report and recommendation adopted*, No. 2:17-CV-11781, 2019 WL 4686474 (E.D. Mich. Sept. 26, 2019) ("[T]o the extent that [plaintiff] seeks a federal review and reversal of the state court termination of parental rights and custody of the minor children, dismissal of the claims under the *Rooker-Feldman* doctrine is appropriate.")).

## IV.

In sum, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action. Consistent with this recommendation, it is **FURTHER RECOMMENDED** that Plaintiff's Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child, ECF No. 6, is **DENIED WITHOUT PREJUDICE.**

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


DATED:  February 4, 2021

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**