IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. ANGELO, JR., | : |
| | :    Case No. 2:20-cv-6421 |
| Plaintiff, | : |
| | :    CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | :    Magistrate Judge Elizabeth P. Deavers |
| MUSKINGHAM COUNTY CHILD | : |
| PROTECTIVE SERVICES, *et al.*, | : |
| | : |
| Defendants. | : |

**OPINION & ORDER**

**I.     INTRODUCTION**

This matter comes before the Court on Magistrate Judge Deavers' February 4, 2021 Report & Recommendation that this case be dismissed, and Plaintiff's Petition for Writ of Habeas Corpus and Motion for Return of Child be denied. (ECF No. 7). Magistrate Judge Deavers recommended that this action be dismissed pursuant to the *Rooker-Feldman* doctrine. For the following reasons, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation. (*Id.*). For the same reasons, this Court also **DENIES** Plaintiff's Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child. (ECF No. 6).

**II.     BACKGROUND**

On January 31, 2019, Plaintiff Joseph M. Angelo, Jr. was detained in Zanesville, Ohio, by the Zanesville Police Department ("ZPD") after a reported domestic disturbance. (ECF No. 5 at 2). Mr. Angelo's minor child was removed as a result. On January 5, 2021, Plaintiff filed a complaint against Muskingum County Child Protective Services ("MCCPS") and the ZPD. (ECF No. 5). Mr. Angelo also filed a prior suit in federal court, *Joseph Angelo Jr. v. Muskingum County Child Protective Services, et al.*, S.D. Ohio Case No. 2:20-cv-4745, which was dismissed at the

1

initial screening stage. In a related state-court criminal matter, *Zanesville v. Angelo*, Mr. Angelo was convicted of child endangerment, a first-degree misdemeanor. *Zanesville v. Angelo*, No. 2019-0057, 2020 WL 1624323, at *1 (Ohio Ct. App. March 23, 2020).

Now, in the case *sub judice*, Plaintiff alleges that he was unlawfully arrested and detained causing his minor child to be taken out of his custody. (ECF No. 5 at 1). Plaintiff seeks the following: (1) an order prohibiting MCCPS from sending his minor child out of state; (2) return of Plaintiff's minor child to his custody; (3) a preliminary injunction ensuring no threat of imprisonment, detention, or arrest during litigation; (4) $500,000.00 to be paid to Plaintiff's minor child upon reaching 25 years of age; and (5) $30,000 to be paid to Mr. Angelo for the time he was imprisoned, which he alleges was unlawful. (*Id*. at 6). Following Magistrate Judge Deavers' Report and Recommendation recommending that this Court dismiss the action and deny the petition, Plaintiff filed an objection on February 17, 2021, in accordance with 28 U.S.C. § 636(b)(1).

### III. STANDARD OF REVIEW

A party's objections to a magistrate judge's recommendation are reviewed *de novo* by the district court. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C.§ 636(b)(1)(C). When a party timely objects to a Magistrate Judge's Report and Recommendation on a dispositive matter, the district judge must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to (*Id*.).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While a detailed account of the facts is not required, a plaintiff must present more than the elements of the cause of action that he alleges. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because *pro se* litigants are

held to "less stringent standards," their complaints should be "liberally construed." *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011). 28 U.S.C. § 1915(e)(2) also permits the Magistrate Judge to dismiss any portion of the Complaint that fails to state a claim upon which relief may be granted or seeks monetary relief from an improper defendant.

### IV.  LAW & ANALYSIS

Mr. Angelo seeks relief from the City of Zanesville, by way of naming the ZPD and MCCPS. Plaintiff alleges that his constitutional rights were violated by ZPD and MCCPS. Under Ohio law, the police department is not a juridical entity subject to suit. *See Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). Given that Plaintiff is proceeding *pro se,* the Court will construe the merits of Mr. Angelo's complaint as if he has properly named the City of Zanesville as a defendant. *See Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002). The same holding follows to the extent Mr. Angelo's claim encompasses a county agency, i.e., Muskingum County, as a defendant. *See Lipman v. Budish*, 383 F. Supp. 3d 764 (N.D. Ohio 2019).

#### A.  *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine stems from two Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). 28 U.S.C. § 1257(a) is designed "to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). Specifically, the statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Id.* at 308-09. "The *Rooker-Feldman*

doctrine, as it has become known, is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Id.* at 309.

Here, the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction over Mr. Angelo's action because Mr. Angelo is attacking state-court judgments concerning the custody of his minor child. *See Angelo v. Muskingum Cty. Child Protective Servs.*, No. 2:20-CV-4745, 2020 WL 5656519, at *1 (S.D. Ohio Sept. 23, 2020) ("Angelo I"), *report and recommendation adopted*, No. 2:20-CV4745, 2020 WL 5961011 (S.D. Ohio Oct. 8, 2020). This Court does not have jurisdiction to review state-court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gotfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Accordingly, to the extent Plaintiff seeks relief from state court judgments in this Court, those claims are barred under the *Rooker-Feldman* doctrine and must be dismissed.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Petition for Writ of Habeas Corpus and Emergency Motion for Return of Child is **DENIED WITHOUT PREJUUDICE**, the Report and Recommendation is **ADOPTED**, and this case is **DISMISSED.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 26, 2021**